UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

v.

Cr. No. 04-160 (PG)

MARCOS MORRELL-CORRADA,

Defendant.

**SEALED**
**OPINION AND ORDER**

Upon consideration of defendant Morell's motion to inspect the ministerial records of the grand juries empaneled to hear evidence in this case (Docket No. 32, filed June 1, 2004), the government's response (Docket No. 45, filed June 22, 2004), defendant Vasquez' motion to join the underlying motion (Docket No. 46, filed June 29, 2004), defendant Morell's reply (Docket No. 50, filed July 8, 2004), and the government's surreply (Docket No. 56, filed July 15, 2004), the law and the full record of the case, for the reasons set forth in the accompanying Opinion, the Court hereby **GRANTS IN PART AND DENIES IN PART** defendants' motion, as set forth herein.

**BACKGROUND**

On April 8, 2004, a grand jury returned a sealed indictment charging defendants on thirteen counts. At a status conference held before the Court on May 7, 2004, the government stated that three different grand juries heard evidence during the investigation of

Criminal No. 04-0160 (PG)                                                    Page 2

this case. (Docket No. 32 at 1) On June 1, 2004, Defendant Morell filed a motion to inspect the ministerial records of the grand juries (id.), which defendant Vasquez later joined. (Docket No. 46)

The motion to inspect is itemized as follows: (1) term dates of all grand juries participating in the case; (2) term dates of any extensions pursuant to Fed. R. Crim. P. Rule 6(g); (3) specific meeting dates; (4) dates of the transfer of evidence between grand juries and any accompanying orders; (5) number of originally empaneled grand jurors returning the indictment; (6) grounds for the replacement of any grand juror; (7) copies of government motions requesting extensions; and (8) any other ministerial information regularly maintained by the Court. (Docket No. 32 at 2-3)

Defendants argue they are entitled to this information because there is precedent for the disclosure of such ministerial records, because such records do not fall within the purview of the grand jury secrecy protection embodied in Fed. R. Crim. P. Rule 6, and because the policies underpinning the secrecy doctrine do not militate against such disclosure. Docket No. 32 at 5-6; Docket No. 46 at 1.

The government accedes to disclosure of the empanelment dates and extension dates of the grand jury which returned the indictment. As to the other information requested by the defense, the government proposes that the Court conduct an _in camera_ review of the orders, vote, attendance and excusal records of the grand jury which returned the indictment, and absent any finding of irregularity, deny disclosure. The government opposes disclosure of all other information requested, most notably information relating to the other grand juries that heard evidence in this case. The government argues that not only is there is no precedent for further disclosure,

Criminal No. 04-0160 (PG)                                                        Page 3

but sound policy would enforce the secrecy surrounding grand jury matters. (Docket No. 45 at 2-3)  The government acknowledges that there is no pertinent Department of Justice policy.  (Docket No. 45 at 3)

## DISCUSSION

The question before the Court is whether defendants are entitled to disclosure of the ministerial records of the grand juries empaneled to hear evidence in their case.  Ministerial records are defined as those records generally relating to the procedural aspects of the empaneling and operation of the special grand jury.  See In re Special Grand Jury for Anchorage, Alaska, 674 F.2d 778, 779 n.1 (9th Cir. 1982) (defining "ministerial records").  Because of the general confidentiality surrounding grand juries, the Court issues this opinion under seal and examines all the disclosure requests, notwithstanding the government's assent to certain disclosures.

The Supreme Court has consistently recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings.  Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 218 (1979) (citations omitted).  Federal Rule of Criminal Procedure 6(e) codifies this longstanding policy of secrecy. See id. at n.9, see also In re Boston Herald, Inc., 321 F.3d 174, 183 (1st Cir. 2003) (crediting Rule 6(e) as establishing general rule of secrecy with enumerated narrow exceptions).  Rule 6(e) provides that grand jurors, interpreters, court reporters, operators of recording devices, persons transcribing recorded testimony, government attorneys and any other person to whom disclosure is made, "...shall not disclose matters occurring before the grand jury,

Criminal No. 04-0160 (PG) Page 4

except as otherwise provided for in the rules." Fed. R. Crim. P. 6(e)(2) (2004).

The policy of secrecy codified in Rule 6(e) is designed to protect from disclosure only the essence of what takes place in the grand jury room, in order to preserve the freedom and integrity of the deliberative process. In re Grand Jury Investigation (Appeal of New Jersey State Commission of Investigation), 630 F.2d 996, 1000 (3d Cir. 1980), cert. denied sub nom. Rittenhouse Consulting Enterprises Ltd. v. New Jersey State Commission of Investigation, 449 U.S. 1081, 101 (1981), see also Senate of the Com. of Puerto Rico on Behalf of Judiciary Committee v. U.S. Dept. of Justice, 823 F.2d 574, 582 (Bader Ginsburg, J.)(D.C. Cir. 1987) (emphasizing as "touchstone" of secrecy doctrine whether disclosure would tend to reveal some secret aspect of grand jury's investigation such as identities of witnesses or jurors, substance of testimony, strategy or direction of investigation, or nature of deliberations).

Accordingly, some courts have held that ministerial records pertaining to the operations of the grand jury, such as term dates and orders of term extensions, are not "matters occurring before the grand jury" within the meaning of Rule 6(e) of the Federal Rules of Criminal Procedure, and are therefore subject to disclosure. See generally In re Special Grand Jury (for Anchorage, Alaska), 674 F.2d 778, 784 (9th Cir. 1982); In re Grand Jury Investigation, 903 F.2d 180, 182 (3d Cir. 1990); In re Grand Jury Proceedings, Special Grand Jury 89-2, 813 F. Supp. 1451 (D. Colo. 1992). In addition, the Supreme Court has noted that following the termination of grand jury functions, the need for secrecy is reduced. See United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 234 (1940)("[a]fter the grand

Criminal No. 04-0160 (PG)                                           Page 5

jury's functions are ended, disclosure is wholly proper where the ends of justice require it.").

### A. Disclosure of Grand Jury Matters

In the case at bar, the defense requests disclosure of particular "ministerial records" pertaining to the grand juries that heard evidence in their case. The defense requests the information not on the basis of an exception to Rule 6(e), but on the ground that such information is simply not subject to the secrecy protections of Rule 6(e). (Docket No. 32 at 4) Defendants maintain that "the case law has recognized that the defense is entitled to ministerial records regularly maintained in court files which do not impact [Rule] 6...." Id. at 1. On this basis, the government accedes to disclosure of at least the empanelment and extension dates of the grand jury which returned the indictment in this case. (Docket No. 45 at 4-5)

Whether ministerial records are a "grand jury matter" within the meaning of Rule 6(e) is a question of first impression in this District. Although the First Circuit has not ruled upon the issue, the Third and Ninth Circuits have permitted discovery of so-called ministerial records under certain circumstances. See In re Grand Jury Investigation, 903 F.2d 180, 182 (3d Cir. 1990) (reversing district court denial of motion for disclosure of grand jury term dates because these are not "matters occurring before the grand jury"); In re Special Grand Jury (for Anchorage, Alaska), 674 F.2d 778, 784 (9th Cir. 1982) (determining appellants had public access right to ministerial records of grand jury and remanding for characterization of the scope of the right to such records); In re

Grand Jury Proceedings, Special Grand Jury 89-2, 813 F. Supp. 1451 (D. Colo. 1992) (granting motion for disclosure of ministerial records including orders authorizing summons and term extensions, because these were not "matters occurring before the grand jury"). With the above exceptions, there is little law on this issue.[1]

Some courts have also weighed whether any "specific reasons" militate against disclosure. See In re Special Grand Jury, 674 F.2d at 781 (considering public right of access to ministerial records court concluded "[a]bsent specific and substantial reasons for a refusal, such access should not be denied."); In re Grand Jury Investigation, 903 F.2d 180; cf. U.S. v. Enigwe, 17 F.Supp.2d 390, 393 (E.D.Pa., 1998) (reasoning that request made "years after conviction, appeals and habeas remedies had been exhausted" constituted a specific reason to deny disclosure). Here, the request was made months before trial, and is hence timely.

The most important consideration is whether disclosure would violate the secrecy doctrine even if it does not violate Rule 6(e). In re Special Grand Jury, 674 F.2d at 781 ("[I]t cannot be

---

[1] The Court notes that the contrary cases cited by the government relate to non-ministerial matters and are therefore not on point. See U.S. v. Loc Tien Nguyen, 314 F.Supp.2d 612, 618 (E.D.Va. 2004) (distinguishing In re Special Grand Jury for Anchorage Alaska, 674 F.2d 778 (9th Cir. 1982), on account that information requested by defendant cannot properly be characterized as ministerial); U.S. v. Deffenbaugh Industries, Inc., 957 F.2d 749, 757 (10th Cir. 1992) (defendants requested actual voting record and trial court conducted in camera inspection); but see U.S. v. Reyes, 921 F.Supp. 189, 190 (S.D.N.Y. 1996) (granting defendant's request, noting that defendant himself requested in camera inspection of non-substantive attendance and voting records).

assumed...that the whole grand jury secrecy doctrine is encapsulated within the four corners of Rule 6(e).").  The question is thus whether the rationale of the secrecy doctrine would be violated.  Id. The five most prominent rationales for grand jury secrecy are as follows:

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witness who may testify before (the) grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

Douglas, 441 U.S. at 219 n.10.

Even under the broadest interpretation of Rule 6(e) and the associated secrecy doctrine, it is unlikely that the disclosure of the information requested by defendants would impinge upon these underlying policies, because all of the information is non-identifying and incapable of revealing the substance of any proceedings before the grand jury.

The bulk of defendants' request concerns information about dates and the number (not the identities) of original grand jurors who participated in the final grand jury.  (Docket No. 32 at 2-3) Clearly, if the relevant inquiry is whether the information requested reveals the inner workings of the grand jury, such number-oriented information can reveal nothing of the secret substance of grand jury proceedings.  Moreover, the government has not advanced any specific argument that any of the requested information so infringes upon grand jury secrecy.  It is self-evident, however, that defendants'

request for "all other ministerial information...regularly maintained in the Court..." is unduly broad and vague.

Notwithstanding the foregoing, at this time, the Court need not decide whether such "ministerial information" falls outside the rubric of Rule 6(e) or otherwise offends the secrecy doctrine, and declines to so hold. Instead, in view of the full record, the Court finds that the defense has made the requisite showing of "particularized need" for disclosure under Rule 6(e). To be entitled to grand jury material under Rule 6(e), a defendant must show a "particularized need" for the material requested, see Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 399 (1959), or that "some possible grounds for dismissal would be produced." United States v. Llaca Orbiz, 513 F.2d 816, 818-19 (1st Cir.), cert. denied, 423 U.S. 861 (1975); U.S. v. Friel, 1 F.3d 1231, 1232 (1st Cir. 1993).

The "particularized need" test requires that the materials sought be "needed to avoid a possible injustice" and that the moving party's request be "structured to cover only material so needed." Douglas, 441 U.S. at 222. Defendants meet this standard for the disclosure of all information requested, with the exception of the overbroad request for all other ministerial information maintained by the Court. If substantive information, which is clearly protected by the secrecy doctrine, may be had upon a showing of "particularized need," defendants are therefore entitled to mere ministerial information upon such a showing.

The Court need not consider the government's arguments regarding the differing showings that may or may not be required for the several types of ministerial information, because the Court finds

that defendants have met the most stringent of the proposed standards. Accordingly, in light of the special circumstances of this case, most notably the extraordinary showing of need made by defendants, the Court will grant disclosure of the information requested pertaining to the grand jury which returned the indictment.

### B. Disclosure regarding Previous Grand Juries

The government, albeit subsequent to an in camera inspection, would concede disclosure of ministerial information pertaining to the grand jury which returned the indictment, if the Court were to find "irregularities." (Docket No. 45 at 11-12) By contrast, the government opposes disclosure of procedural information regarding the other grand juries which heard evidence, arguing that there is no precedent for disclosure. The government further argues that because the previous grand juries did not indict, the information requested is legally irrelevant.

Pursuant to the analysis supra, the Court also finds that disclosure of equivalent information for the previous grand juries would be every bit as unlikely to impinge upon secrecy concerns, but declines to so hold because defendants have shown "particularized need." Moreover, the government has itself cited precedent for the review of information pertaining to the proceedings of grand juries other than the one which returned the indictment. See e.g. U.S. v. Reyes, 921 F.Supp. 189, 190 (S.D.N.Y. 1996) (conditionally granting defendant's request for in camera inspection of previous grand juries in circumstances of superseding indictments); see also Docket No. 45 at 10 (referencing Reyes).

The government's contention that the information is legally

Criminal No. 04-0160 (PG)                                    Page 10

irrelevant because the prior grand juries did not indict is also unavailing. The Court notes that this neutral, conclusive statement is no argument against disclosure. "In our adversary system, it is enough for judges to judge. The determination of what may be useful to the defense can properly and effectively be made only by an advocate." Dennis v. U.S. 384 U.S. 855, 875 (1966).

Given that no argument regarding a violation of grand jury secrecy has been made, and in view of the showing of particularized need made by the defense, the Court also grants disclosure of the ministerial information requested pertaining to the previous grand juries.

### C. Procedure for Disclosure

Rule 6(e)(3)(E) provides that "[t]he court may authorize disclosure at a time, in a manner, and subject to any other conditions that it directs of a grand jury matter...." The District of Puerto Rico accords great secrecy to grand jury proceedings and the procedural mechanisms supporting them. Pursuant to Local Rule 106(a), the names of those selected to sit on a grand jury are kept confidential to everyone not employed by the district court, except as otherwise authorized by a Court order. Local Rules Dist. P.R. Rule 106(a) (2004). Furthermore, "all subpoenas motions, pleadings, and all other documents filed with the Clerk of Court concerning or contesting grand jury proceedings" are to be filed under seal unless otherwise authorized by the Court based upon a showing of particularized need.[2] See Local Rule 106(b). Thus, in the District

---

[2] All parties are hereby reminded of this Local Rule.

Criminal No. 04-0160 (PG)                                              Page 11

of Puerto Rico, all grand jury information is confidential. The Local Rules, however, do not directly inform the procedure for the disclosure of non-identifying, purely ministerial records. See id.

The government proposes that disclosure of the information be made subsequent to an in camera review, requesting that certain information be disclosed only if the Court finds an irregularity. The Court has considered the government's request, but sees no need for this additional review. There is no such requirement in the case law nor in the local rules. Furthermore, Rule 6(e) does not impose this procedure on courts; indeed, Rule 6(e) endows courts with great discretion as to disclosure. See Rule 6(e) (leaving time and manner of disclosure to court's discretion).

If anything, the proposal that the Court should groundlessly conduct an in camera review runs counter to the needs of our great adversarial system. See Dennis v. U.S., 384 U.S. 855, 875 (1966) (finding that while the practice of in camera inspection for inconsistencies in grand jury testimony is useful, the practice does not go far enough). "The trial judge's function in this respect is limited to deciding whether a case has been made for production, and to supervise the process: for example, to cause the elimination of extraneous matter and to rule upon applications by the Government for protective orders in unusual situations...." Id.

Criminal No. 04-0160 (PG)                                                  Page 12

### Conclusion

Accordingly, the Court **GRANTS IN PART** defendants' motion, and hereby **ORDERS** the Clerk of the Court to disclose the following information to defendants under seal:

(1) Term dates of all grand juries participating in the case;

(2) Term dates of any extensions pursuant to Fed. R. Crim. P. Rule 6(g);

(3) Specific meeting dates;

(4) Dates of the transfer of evidence between grand juries and any accompanying orders;

(5) Number of originally empaneled grand jurors returning the indictment;

(6) Grounds for the replacement of any grand juror;

(7) Copies of government motions requesting extensions.

The Clerk of the Court shall disclose to defendants the above listed information within 20 days of the issuance of this Order. The Court also makes coextensive to all persons who handle this information in the course of its distribution and use, the Protective Order previously issued on May 7, 2004. (Docket No. 29) The Court **DENIES** defendant's request for any other ministerial information as unduly broad and vague.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, _November 9, 2004_.

NOV 0 9 2004

s/c: Vega
Redollo
Rivera
Butler
Solomon
MC

S/ _[signature]_
JUAN M. PEREZ-GIMENEZ
UNITED STATES DISTRICT JUDGE