|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>RENE VAZQUEZ-BOTET,<br>MARCOS MORELL-CORRADA,<br><br>  Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO<br><br>Criminal No. 04-160 (JAF) |

**O R D E R**

Tomorrow, October 31, 2006, this case will be submitted to the jury after the delivery of the corresponding jury charge. As of 6:00 P.M. today, October 30, 2006, defendants had not filed a comprehensive all-inclusive theory-of-defense instruction with citation of authorities in support thereof. The record will reflect that the court has granted ample time for such filing. Other than Docket Document No. 376, containing bits and pieces of amendment proposals to the jury charge prepared by the court, we have not seen a well-founded expression of the theory of the defense. Experience tells us that a comprehensive, free-standing instruction on any valid theory of defense is far superior to reliance on the jury's ability to piece the theory together from various general instructions. Federal case law recognizes this obvious and practical view. See United States v. Mason, 902 F.2d 1434-40 (9th Cir. 1990). Since Docket Document No. 376 cited no authorities in support of

Criminal No. 04-160 (JAF)                                                -2-

defendants' proposed jury instructions, we conducted an electronic search and found no specific case law on the proposed amendment language.

We, therefore, consider the discussions on the record at the in-chambers conference held today, October 30, 2006, before the morning session, and also the matters treated on the record at the conclusion of today's trial proceedings. See <u>Transcript for October 30, 2006, Bench Conference at the End of the Afternoon Session</u>. The consideration of what appears to be defendant's theory of defense must also be evaluated taking into account the First Circuit's four-part test designed to judge whether a defendant is or was entitled to a particular theory-of-defense instruction. See <u>United States v. Rosario-Peralta</u>, 199 F.3d 552 (1st Cir. 1999), and <u>United States v. Otero-Mendez</u>, 273 F.3d 46 (1st Cir. 2001).

The four-part test determines that a trial court's failure to deliver a theory-of-defense instruction will result in reversal only if (1) the requested theory-of-defense instruction correctly describes the applicable law; (2) sufficient evidence was developed at trial to warrant the instruction; (3) the court's other instructions actually delivered did not fairly present an opportunity to argue the defense; and (4) the requested theory-of-defense instruction proved essential to the effective presentation of the particular defense.

Criminal No. 04-160 (JAF)                                              -3-

In order to further evaluate this matter, the court will state what appear to be the theories of defense in this case.

Defendant René Vázquez-Botet maintains that he was not involved in and had nothing to do with the Superaqueduct construction project, and that his alleged extortion and other crimes as charged in the indictment is a fabrication by government witnesses who lied regarding his charged participation. Vázquez-Botet further claims that if he had wanted to participate in the Superaqueduct project as a businessman, he could have done so openly and legally as a lobbyist, because it is not wrongful for a person not employed by the state government to receive money from a contractor by persuading that contractor that he, Vázquez-Botet, could legally give the contractor an improved chance to win the contract or to avoid difficulties with the contract. He further alleges that in the business world, people are free to choose with whom to negotiate a business transaction and may demand payment from someone in exchange for including that someone in a business opportunity which may result in exclusion if the person chooses not to pay.

Defendant Marcos Morell-Corrada shares Vázquez-Botet's theory and, in addition to that, claims that the retainer agreement for legal services between himself and Cobián, Agustín & Ramos was a legitimate business relationship between the two – that is, between an attorney and a client. He further claims that the parties were at

Criminal No. 04-160 (JAF)                                              -4-

liberty to negotiate any economic terms and conditions for the retainer, as long as both parties were in agreement.

It is evident that the theory of defense proposed here is *sui generis* and not typical of defenses such as alibi, mental state, intoxication, self-defense, duress, entrapment or even insanity. The defense is basically that the government witnesses are lying and, to that effect, we find that said theory does not require further elaboration and placement in a theory-of-defense instruction that will basically be the court's vouching for testimony and evidence absent in this case.

In sum, we find that there is no need for a theory-of-defense instruction under the circumstances of this case.  First, and procedurally, no specific, clear, and well-founded instruction language has been submitted. Second, the requested bits and pieces of instruction language proposed in Docket Document No. 376 does not correctly describe the applicable law.  Furthermore, the court's proposed charge has left the door open for counsel to argue before the jury, as they have done, that indeed both Vázquez-Botet's and Morell-Corrada's conduct was legal and not criminal in nature. We further find that there is not sufficient evidence on this record to warrant any additional instruction. Finally, the cross-examination of government witnesses also left ample room for adequate jury consideration as to whether this is a case of criminal conduct or a fabrication, or simply one of totally-legitimate business activity.

Criminal No. 04-160 (JAF)                                                      -5-

We further find that the proposed instruction language in <u>Docket Document No. 376</u> is not essential to the effective presentation of the real defense – fabrication and that the government failed to prove a case beyond a reasonable doubt.

The request for additional instructions as requested in <u>Docket Document No. 376</u> is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 30th day of October, 2006.

                                                S/José Antonio Fusté
                                                JOSE ANTONIO FUSTE
                                                Chief U. S. District Judge