1                   UNITED STATES DISTRICT COURT
2                   DISTRICT OF PUERTO RICO

3  UNITED STATES OF AMERICA,

4      Plaintiff,

                              Criminal No. 04-160 (JAF)

5      v.

6  RENE VAZQUEZ-BOTET and
7  MARCOS MORELL-CORRADA,

8      Defendants.

---

9                        **INSTRUCTIONS**

10  **MEMBERS OF THE JURY:**

11                   **General Instructions**

12      Now that you have heard all the evidence, it is my duty to

13  instruct you on the law.  A copy of these instructions will be

14  available in the jury room for you to consult if you find it

15  necessary.

16                **Duty to Find the Facts**

17      It is your duty to find the facts from all the evidence

18  admitted in this case. To those facts you must apply the law as I

19  give it to you. The determination of the law is my duty as the

20  presiding judge. It is your duty to apply the law exactly as I give

21  it to you, whether you agree with it or not. You must not be

22  influenced by any personal likes or dislikes, prejudices or

23  sympathy. That means that you must decide the case solely on the

1    evidence before you and according to the law. You will recall that

2    you took an oath promising to do so at the beginning of the case.

3         I also instruct you that party politics and the political

4    affiliation of defendants, witnesses or contractors has no bearing

5    in the case at bar.  This case is about specific charged offenses

6    and   not   about   political   parties,   elections   or   political

7    administrations.  Therefore, I instruct you not to consider party

8    politics or anybody's political affiliation in your consideration

9    of this case.

## **Consider All Instructions**

11        In following my instructions, you must follow all of them and

12   not single out some and ignore others; they are all equally

13   important. You must not read into these instructions, or into

14   anything I may have said or done, any suggestions by me as to what

15   verdict you should return — that is a matter entirely for you to

16   decide.

## **Burden of Proof**

18        I will first instruct you on the legal burden of proof for

19   criminal cases.  Your deliberations and decisions are to be made

20   following this legal rule regarding burden of proof.

21        It is a cardinal principle of our system of justice that every

22   person accused of a crime is presumed to be innocent unless and

23   until his or her guilt is established beyond a reasonable doubt.

Criminal No. 04-160 (JAF)                                              -3-

1   The presumption is not a mere formality. It is a matter of the most

2   important substance.

3         The presumption of innocence alone may be sufficient to raise

4   a reasonable doubt and to require the acquittal of a defendant.

5   Defendants Vázquez-Botet and Morell-Corrada have the benefit of

6   that presumption throughout the trial, and you are not to convict

7   either defendant of a particular charge unless you are persuaded of

8   his guilt of that charge beyond a reasonable doubt.

9         The presumption of innocence until proven guilty means that

10  the burden of proof is always on the government to satisfy you that

11  the defendants are guilty of the crimes with which they are charged

12  beyond a reasonable doubt. The law does not require that the

13  government prove guilt beyond all possible doubt; proof beyond a

14  reasonable doubt is sufficient to convict.   This burden never

15  shifts to the defendants. It is always the government's burden to

16  prove each of the elements of the crimes charged beyond a

17  reasonable doubt by the evidence and the reasonable inferences to

18  be drawn from that evidence. Defendants Vázquez-Botet and Morell-

19  Corrada have the right to rely upon the failure or inability of the

20  government to establish beyond a reasonable doubt any essential

21  element of a crime charged against them.

22        If, after fair and impartial consideration of all the

23  evidence, you have a reasonable doubt as to a defendant's guilt of

24  a particular crime, it is your duty to acquit that defendant of

1    that crime. On the other hand, if after fair and impartial

2    consideration of all the evidence, you are satisfied beyond a

3    reasonable doubt of a defendant's guilt of a particular crime, you

4    should vote to convict him.

5         Defendants have the constitutional right not to testify and no

6    inference of guilt, or of anything else, may be drawn from the fact

7    that a defendant did not testify. For any of you to draw such an

8    inference would be wrong; indeed, it would be a violation of your

9    oath as jurors.

10        Remember that the law requires independent consideration of

11   each defendant and each charge in the indictment.  Your decision as

12   to one defendant or one charge does not control as to the others.

13                          **What is Evidence**

14        The evidence from which you are to decide what the facts are

15   consists of sworn testimony of witnesses, both on direct and cross-

16   examination, regardless of who called the witness; the exhibits

17   that have been received into evidence; and any facts to which the

18   lawyers have agreed or stipulated. A stipulation means simply that

19   the government and the defendants accept the truth of a particular

20   proposition or fact. Since there is no disagreement, there is no

21   need for evidence apart from the stipulation. You must accept the

22   stipulation as fact, even though nothing more was said about it one

23   way or the other, and give it whatever weight you choose.

Criminal No. 04-160 (JAF)                                        -5-

1      Although you may consider only the evidence presented in the

2    case, you are not limited to the bald statements made by the

3    witnesses when considering that evidence. In other words, you are

4    not limited solely to what you see and hear as the witnesses

5    testify. You are permitted to draw such reasonable inferences as

6    you believe are justified in light of common sense and personal

7    experience from facts that you find to have been proven.

8                **Charts, Summaries or Demonstrative Exhibits**

9      The parties asked for permission from the court to use some

10   presentations or notes which they showed to you in the courtroom

11   video system to illustrate a point.  These include notes prepared

12   by counsel with additions, subtractions or statements written as we

13   went along in the course of the trial. I labeled these

14   demonstrative exhibits.

15     I caution you that these are the equivalent of information

16   written on a blackboard by a lawyer as the case progressed.  Judges

17   usually allow the use of blackboards or visual aids for

18   demonstrative purposes.  These presentations which I have equated

19   to a blackboard are simply the proponent's conception, its

20   contention as to what the evidence already received has

21   established.  If the information posted in these various pieces of

22   paper differs in any particular with your recollection as to the

23   evidence, you will disregard these demonstrative exhibits in that

24   respect.  These presentations are simply outlines which you may

1    consider along with the underlying evidence supporting it if any.

2    If the demonstrative exhibits failed to reflect what the evidence

3    showed, then you should not use these demonstrative exhibits for

4    any purpose.  I am basically asking you to use and consider them in

5    that light and not as independent evidence in and of themselves.

6                    **Direct and Circumstantial Evidence**

7        There are two kinds of evidence: direct and circumstantial.

8    Direct evidence is direct proof of a fact, such as testimony of an

9    eyewitness that the witness saw something. Circumstantial evidence

10   is indirect evidence, that is proof of a fact or facts from which

11   you could draw the inference, by reason and common sense, that

12   another fact exists, even though it has not been proven directly.

13   You are entitled to consider both kinds of evidence. The law

14   permits you to give equal weight to both, but it is for you to

15   decide how much weight to give to any evidence.

16                      **Credibility of Witnesses**

17       Whether the government has sustained its burden of proof does

18   not depend upon the number of witnesses it has called or upon the

19   number of exhibits it has offered, but instead upon the nature and

20   quality of the evidence presented. You do not have to accept the

21   testimony of any witness if you find the witness not credible. You

22   must decide which witnesses to believe and which facts are true. To

23   do this, you must look at all the evidence, drawing upon your

24   common sense and personal experience.

1        You may want to take into consideration such factors as the

2    witnesses' conduct and demeanor while testifying; their apparent

3    fairness or any bias they may have displayed; any interest you may

4    discern that they may have in the outcome of the case; any

5    prejudice they may have shown; their opportunities for seeing and

6    knowing the things about which they have testified; the

7    reasonableness or unreasonableness of the events that they have

8    related to you in their testimony; and any other facts or

9    circumstances disclosed by the evidence that tend to corroborate or

10   contradict their versions of the events.

11       **Accomplices, Cooperating Witnesses, and Plea Agreements**

12       The testimony of an accomplice or of anyone who provides

13   evidence against a defendant for personal advantage under a plea

14   agreement or under a promise not to be prosecuted must always be

15   examined and weighed by the jury with greater care and caution than

16   the testimony of ordinary witnesses.

17       Plea agreements that have a cooperation clause and that result

18   from plea bargaining, as it is called, have been approved as lawful

19   and proper, and are expressly provided for in the Federal Rules of

20   Criminal Procedure.  You, the jury, must decide whether the

21   witnesses' testimony has been affected by any of those

22   circumstances or by the fact that some may have been convicted of

23   felony offenses previously.  You may also consider what the witness

24   expects his final sentence to be.  So, while a witness of that kind

1    may be entirely truthful when testifying, such testimony is always

2    to be received with caution and weighed with great care because

3    they may have reason to make up stories or exaggerate what others

4    did in order to help themselves.

5         You should never convict a defendant upon the unsupported

6    testimony of such a witness or witnesses unless you believe that

7    testimony beyond a reasonable doubt.

8         Regarding the punishment that cooperating defendants receive

9    after their cooperation and at the time of their sentence, or

10   regarding any reduction in punishment that sentenced defendants

11   received or expect to receive, I instruct you as follows.   The

12   Federal Criminal Code and the Advisory Sentencing Guidelines

13   promulgated by the U.S. Sentencing Commission contain all the rules

14   that a judge must follow in determining if any benefit is available

15   to the cooperating defendants.   First, the government must file a

16   motion certifying the nature and quality of the cooperation.   If

17   that is done, then the court has the discretion to adjust any

18   punishment downward accordingly.   The final sentence of any

19   cooperating individual is for the judge to decide.

20        **Impeachment of Witness Testimony by Prior Conviction**

21        You may have heard that two cooperating witnesses have been

22   convicted of a crime. You may consider that evidence, together with

23   other pertinent evidence, in deciding how much weight to give to

24   those witnesses' testimony.

1          **Impeachment by Prior Inconsistent Statement**

2          In the course of this trial you have heard evidence that

3    before testifying at this trial, certain witnesses made a statement

4    concerning the same subject matter as his or her testimony in this

5    trial. You may consider that earlier statement to help you decide

6    how much of the witness' testimony to believe. If you find that the

7    prior statement was not consistent with the witness' testimony at

8    this trial, then you should decide whether that affects the

9    believability of the witness' testimony at this trial.

10          **Cautionary and Limiting Instructions**
11            **as to Particular Kinds of Evidence**

12          A particular item of evidence is sometimes received for a

13    limited purpose only. That is, it can be used by you only for one

14    particular purpose, and not for any other purpose. I have told you

15    when that occurred, and instructed you on the purposes for which

16    the item can and cannot be used.

17          One of these instances is the grand jury testimony of Marcos

18    Morell-Corrada and the testimony of Special Agent Iván Vitusek as

19    it relates to his interviews of codefendant Marcos Morell-Corrada.

20    You will remember that I specifically instructed you about that,

21    and I will repeat the instruction now.

22          The testimony of Agent Iván Vitusek, as it relates to his

23    interview of Marcos Morell-Corrada and Morell-Corrada's testimony

24    before the Grand Jury, has been received solely in reference to the

1    charges against Morell-Corrada. Count Fourteen only charges Marcos

2    Morell-Corrada  with  obstruction  of  justice  regarding  his  own

3    testimony by voluntary appearance before the Grand Jury.  I must

4    emphasize that Count Fourteen does not charge René Vázquez-Botet

5    and does not include any allegation against him. In other words,

6    René Vázquez-Botet is not charged in Count Fourteen at all.

7         Therefore,  the  evidence  that  Special  Agent  Vitusek  has

8    provided regarding his office interviews of Marcos Morell-Corrada

9    is admissible only against Morell-Corrada and not against Vázquez-

10   Botet.

11        The same instruction applies to Marcos Morell-Corrada's Grand

12   Jury  testimony  that  you  heard.   The  grand  jury  testimony  is

13   admissible only against Morell-Corrada, but it may be considered in

14   reference to all charges in the indictment against Morell-Corrada.

15   Such Grand Jury testimony is not admissible against René Vázquez-

16   Botet and it would be a violation of this instruction to consider

17   such Grand Jury  testimony against Vázquez-Botet.

18        Once  again,  the  admission  into  evidence  of  the  office

19   interviews and the Grand Jury testimony can be considered by you

20   only in reference to codefendant Marcos Morell-Corrada.

21                          **What is Not Evidence**

22        Certain things are not evidence. I will list them for you:

23        (1)  Opening statements and closing arguments by prosecutors

24   and defense lawyers are not evidence. The prosecutors and defense

1  lawyers are not witnesses. What they say in their opening

2  statements, closing arguments, and at other times is intended to

3  help you interpret the evidence, but it is not evidence. If the

4  facts as you remember them from the evidence differ from the way

5  the lawyers have stated them, your memory of them controls.

6      (2) Questions and objections are not evidence. Trial

7  attorneys have a duty to their clients to object when they believe

8  a question is improper under the rules of evidence. You should not

9  be influenced by the objection or by my ruling on it.

10     (3) Anything that I have excluded from evidence or ordered

11  stricken and instructed you to disregard is not evidence. You must

12  not consider such items.

13     (4) Anything you may have seen or heard when the court was

14  not in session is not evidence. You are to decide the case solely

15  on the evidence received at trial.

16     (5) The indictment is not evidence. This case, like most

17  criminal cases, began with an indictment. You will have that

18  indictment before you in the course of your deliberations in the

19  jury room. That indictment was returned by a grand jury, which

20  heard only the government's side of the case. I caution you, as I

21  have before, that the fact that the defendants have had an

22  indictment filed against them is no evidence whatsoever of their

23  guilt. The indictment is simply an accusation. It is the means,-

Criminal No. 04-160 (JAF)                                          -12-

1   the document by which the allegations and charges of the government

2   are brought before this court. The indictment proves nothing.

3                              **Stipulations**

4        The evidence in this case includes facts to which the lawyers

5   have agreed or stipulated.  The evidence also includes stipulations

6   or agreements as to what the testimony of certain witnesses would

7   be, if they appeared before you in this courtroom. A stipulation

8   means simply that the government and one or both defendants accept

9   the truth of a particular proposition or facts. Since there is no

10  disagreement, there is no need for evidence apart from the

11  stipulation. If the parties stipulate to a proposition or fact

12  during the course of this trial, you must accept the stipulation as

13  facts to be given whatever weight you choose.

14                     **Use of Tapes and Transcripts**

15       At certain points during the trial, you heard testimony that

16  was recorded. This is proper evidence for you to consider. In order

17  to help you, I allowed you to have a transcript to read along as

18  the tape was played. The transcript of what was said on the taped

19  hearing was prepared by a court reporter. If you believe at any

20  point that the transcript says something different from what you

21  heard on the tape, remember that the tape is the evidence presented

22  by the parties, even though the transcript is the official record.

23  Any time there is a variation between the tape and the transcript,

24  you must be guided solely by what you hear on the tape and not by

Criminal No. 04-160 (JAF)                                    -13-

1    what you read in the transcript. This is especially important if a

2    translator intervened in placing the Spanish testimony into a

3    record kept in English.

4                      **Admonishment of Attorneys**

5         It is the duty of the court to admonish an attorney or

6    prosecutor who, out of intensity or fervor for his cause, does

7    something which is not in keeping with the rules of evidence or

8    procedure.

9         You are not to draw any inference against the side to whom any

10   admonition by the court was addressed during the trial of this

11   case.

12                      **Outline of the Indictment**

13        The Indictment charges the two defendants, René Vázquez-Botet

14   and Marcos Morell-Corrada, in fourteen counts.  The following is a

15   table of defendants with a reference to the counts of the

16   Indictment where they appear charged.

| Defendant | Counts |
|---|---|
| [1]  RENE VAZQUEZ-BOTET | 1,2,3,4,5,6,7,8 |
| [2]  MARCOS MORELL-CORRADA | 1,2,3,4,5,9,10,11,12,13,14 |

20            **Nature of Indictment; Presumption of Innocence**

21        This criminal case has been brought by the United States

22   government. I may sometimes refer to the government as the

23   prosecution. The government is represented at this trial by two

24   Trial Attorneys from the Public Integrity Section of the United

1  States Department of Justice:  Mary K. Butler and Matthew C.

2  Solomon. There are two defendants in this case: René Vázquez-Botet

3  and Marcos Morell-Corrada. Defendant Vázquez-Botet is represented

4  by his lawyers, Howard M. Srebnick and Edgar R. Vega-Pabón.

5  Defendant Morell-Corrada is represented by his lawyers, Francisco

6  Rebollo-Casalduc and Octavio M. Rivera-Bujosa.

7      The government has charged the defendants with violations of

8  federal criminal law. Both defendants have been charged with

9  (1) conspiracy to (a) commit extortion, (b) launder money, and

10 (c) use facilities in and travel in interstate and foreign commerce

11 in furtherance of a bribery scheme; (2) interference with commerce

12 by extortion induced under color of official right and by economic

13 fear; and (3) participation in a fraud scheme to deprive the

14 Commonwealth of Puerto Rico of income tax payments. In addition,

15 defendant Morell-Corrada is also charged with obstruction of

16 justice.

17     The charges against the defendants are contained in the

18 indictment. The indictment is simply the description of the charges

19 against the defendants; it is not evidence of anything. Both

20 defendants have pleaded not guilty to the charges and deny

21 committing the crimes. Both defendants are presumed innocent and

22 may not be found guilty by you unless all of you unanimously find

23 that the government has proven their guilt beyond a reasonable

24 doubt.

1    Defendants Vázquez-Botet and Morell-Corrada are being tried
2    together because the government has charged that they acted
3    together in committing the following crimes involving the
4    Superaqueduct construction project in Puerto Rico: (1) conspiracy
5    to commit three offenses: (a) extortion induced by wrongful use of
6    fear of economic harm and under color of official right, (b) money
7    laundering related to the extortion payments, and (c) use of
8    facilities in and travel in interstate and foreign commerce in
9    furtherance of a bribery and undue influence scheme; and
10   (2) interference with commerce by extortion induced under color of
11   official right and by economic fear involving each of four
12   contractors.

13   But you will have to give separate consideration to the case
14   against each defendant. Do not think of the defendants as a pair.

15   Also, each charge, and the evidence pertaining to it, should
16   be considered separately and individually. The fact that you may
17   find any one or both of the defendants guilty or not of any of the
18   offenses charged should not affect your verdict as to any other
19   offense or any other defendant.

20   The question of punishment should never be considered by the
21   jury in any way in deciding the case. If a defendant is convicted,
22   the matter of punishment is for the judge alone to determine later.

23   Lastly, remember that Count Fourteen only charges codefendant
24   Marcos Morell-Corrada.

1          **Introductory Overview of Elements of Crime**

2          In order to help you evaluate the evidence, I will now give

3   you a brief summary of the elements of the crimes charged, each of

4   which the government must prove beyond a reasonable doubt to make

5   its case.

6          In Count One of the indictment, the government has charged

7   defendants Vázquez-Botet and Morell-Corrada with conspiring to

8   commit crimes of extortion, money laundering, and use facilities in

9   and travel in interstate and foreign commerce in furtherance of a

10  bribery and undue influence scheme in violation of § 371 of the

11  United States Code, Title 18. To convict one or both defendants of

12  the conspiracy charge, you must find that each defendant agreed

13  with one another and/or others to commit one or more of the

14  underlying crimes and that one of the conspirators took an

15  affirmative step in furtherance of the conspiracy.

16         In Counts Two through Five of the indictment, the government

17  has charged defendants Vázquez-Botet and Morell-Corrada with

18  interference with commerce by extortion induced under color of

19  official right and by economic fear in violation of §§ 1951 and 2

20  of the United States Code, Title 18, involving four contractors. To

21  convict one or both defendants of the extortion charge, you must

22  find that the defendants knowingly and willfully obtained property

23  from another, that the defendants did so by means of extortion,

24  that the defendants knew that those they obtained property from

Criminal No. 04-160 (JAF)                                        -17-

1    parted with the property because of the extortion, and that the

2    extortion affected commerce.

3         In Counts Six through Eight of the indictment, the government

4    has charged defendant Vázquez-Botet with a fraud scheme to deprive

5    the Commonwealth of Puerto Rico of income tax payments in violation

6    of §§ 1341, 1343, and 2 of the United States Code, Title 18. To

7    convict defendant Vázquez-Botet of this crime, you must find that

8    he engaged in a scheme to deprive the Commonwealth of Puerto Rico

9    of income tax payments, that he participated in the scheme

10   knowingly and willfully with the intent to defraud or to obtain

11   money or property by means of false or fraudulent pretenses, and

12   that the United States mails or interstate or foreign wire

13   communications were used in furtherance of the scheme.

14        In Counts Nine through Thirteen of the indictment, the

15   government has charged defendant Morell-Corrada with a fraud scheme

16   to deprive the Commonwealth of Puerto Rico of income tax payments

17   in violation of §§ 1341, 1343, and 2 of the United States Code,

18   Title 18.

19        To convict defendant Morell-Corrada of this crime, you must

20   find that he engaged in a scheme to deprive the Commonwealth of

21   Puerto Rico of income tax payments, that he participated in the

22   scheme knowingly and willfully with the intent to defraud or to

23   obtain money or property by means of false or fraudulent pretenses,

Criminal No. 04-160 (JAF)                                              -18-

1   and that the United States mails or interstate or foreign wire

2   communications were used in furtherance of the scheme.

3          Finally, in Count Fourteen, the government has only charged

4   defendant Morell-Corrada with obstructing the grand jury's

5   investigation of this case by providing false testimony and

6   information to the grand jury and to federal investigators, in

7   violation of § 1503(a) of the United States Code, Title 18. To

8   convict defendant Morell-Corrada of this crime, you must find that

9   there was a proceeding pending before a grand jury of this court,

10  that the defendant knew of the proceeding, and that he knowingly

11  and corruptly endeavored to influence, obstruct, or impede the due

12  administration of justice in that grand jury proceeding.

13         You should understand, however, that what I have just given

14  you is only a preliminary outline. I will now give you specific

15  instructions count-per-count, starting with Count One.

16                           **Count One**

17       **Conspiracy to Commit Extortion, Launder Money, and**
18       **Use Facilities in and Travel in Interstate and Foreign**
19              **Commerce in Furtherance of a Bribery Scheme,**
20                  **in Violation of 18 U.S.C. § 371**

21         Count One charges the Defendants,

22                      **[1] RENE VAZQUEZ-BOTET and**

23                      **[2] MARCOS MORELL-CORRADA,**

24  of, among other things, conspiring to commit several federal crimes

25  in violation of § 371 of the United States Code, Title 18.

1   Specifically, both defendants Vázquez-Botet and Morell-Corrada are

2   charged with conspiring to (a) commit extortion, (b) launder money,

3   and (c) use facilities in and travel in interstate and foreign

4   commerce in furtherance of a bribery scheme. It is against federal

5   law to conspire with someone to commit any of these crimes.

6         For you to find defendants Vázquez-Botet and/or Morell-Corrada

7   guilty of conspiracy, you must be convinced that the government has

8   proven each of the following things beyond a reasonable doubt:

9         *First*, that the agreement specified in the indictment, and not

10  some other agreement or agreements, existed between at least two

11  people to commit at least one of the crimes charged in the

12  indictment, that is, (a) extortion, (b) money laundering, or

13  (c) the use of facilities in and travel in interstate and foreign

14  commerce in furtherance of a bribery scheme;

15        *Second*, that the charged defendants willfully joined in that

16  agreement; and

17        *Third*, that one of the conspirators committed an overt act in

18  an effort to further the purpose of the conspiracy.

19        A conspiracy is an agreement, spoken or unspoken. The

20  conspiracy does not have to be a formal agreement or plan in which

21  everyone involved sat down together and worked out all the details.

22  But the government must prove beyond a reasonable doubt that those

23  who were involved shared a general understanding about the crime.

24  Mere similarity of conduct among various people or the fact that

1   they may have associated with each other or discussed common aims

2   and interests does not necessarily establish proof of the existence

3   of a conspiracy, but you may consider such factors.

4        To act "willfully" means voluntarily and intelligently and

5   with   the   specific   intent   that   the   underlying   crime   be

6   committed—that is to say, with bad purpose, either to disobey or

7   disregard the law—not to act by ignorance, accident, or mistake.

8   The government must prove two types of intent beyond a reasonable

9   doubt before a particular defendant can be said to have willfully

10  joined the conspiracy: an intent to agree and an intent, whether

11  reasonable or not, that the underlying crime be committed. Mere

12  presence at the scene of a crime is not alone enough, but you may

13  consider it among other factors. Intent may be inferred from the

14  surrounding circumstances.

15       Proof that defendants Vázquez-Botet and/or Morell-Corrada

16  willfully joined in the agreement must be based upon evidence of

17  their own words and/or actions. You need not find that either

18  defendant agreed specifically to or knew about all the details of

19  the   crime   or   knew   every   other   co-conspirator,   or   that   he

20  participated in each act of the agreement or played a major role.

21  But the government must prove beyond a reasonable doubt that they

22  knew the essential features and general aims of the venture. Even

23  if defendants Vázquez-Botet and/or Morell-Corrada were not part of

24  the   agreement   at   the   very   start,   they   can   be   found   guilty   of

1    conspiracy if the government proves that each of them willfully

2    joined the agreement later. On the other hand, a person who has no

3    knowledge of a conspiracy but simply happens to act in a way that

4    furthers some object or purpose of the conspiracy does not thereby

5    become a conspirator.

6         An "overt act" is any act knowingly committed by one or more

7    of the conspirators in an effort to accomplish some purpose of the

8    conspiracy. Only one overt act has to be proven. The government is

9    not required to prove that defendants Vázquez-Botet and/or Morell-

10   Corrada personally committed or knew about the overt act. It is

11   sufficient if one conspirator committed one overt act at some time

12   during the period of the conspiracy.  The government does not have

13   to prove that the conspiracy succeeded or was achieved.  The crime

14   of conspiracy is complete upon the agreement to commit the

15   underlying crime and the commission of one overt act.

16                       **Multiple Object Conspiracy**

17        With regard to the alleged conspiracy, the indictment charges

18   that the defendants conspired to commit (a) extortion, (b) money

19   laundering, and (c) use facilities in and travel in interstate and

20   foreign commerce in furtherance of a bribery scheme. It is charged,

21   in other words, that the defendants conspired to commit three

22   separate substantive crimes or offenses.

23        In such a case, it is not necessary for the government to

24   prove that the defendants willfully conspired to commit all three

1   of those substantive offenses. It would be sufficient if the

2   government proves, beyond a reasonable doubt, that the defendant

3   willfully conspired with someone to commit one of those offenses;

4   but, in that event, in order to return a verdict of guilty, you

5   must unanimously agree upon which of the three offenses the

6   defendant conspired to commit.

7            **Interference With Commerce by Extortion Induced Under**
8              **Color of Official Right and by Economic Fear**
9                  **in Violation of 18 U.S.C. §§ 1951 and 2**

10       One of the purposes or objects of the conspiracy that

11  Defendants Vázquez-Botet and Morell-Corrada are charged with in

12  Count One is conspiring to commit extortion in at least one of two

13  ways in violation of § 1951(2) of the United States Code, Title 18.

14       For you to find defendants Vázquez-Botet and/or Morell-Corrada

15  guilty of the crime of conspiring to obstruct, delay, or affect

16  commerce by committing extortion as charged in Count One of the

17  indictment, you must be convinced that the government has proven

18  each of the following elements beyond a reasonable doubt:

19       (1) That the defendants knowingly and willfully conspired and

20  agreed to obtain property or money from the local contractors;

21       (2) that the defendants conspired and agreed to do so by

22  wrongful use of fear or under color of official right;

23       (3) that the defendants conspired and agreed to have the local

24  contractors or their employees part with the property or the money

25  because of the extortion; and

1       (4) that the extortion affected commerce.

2       It is not necessary for you to find that the defendants knew

3   or intended that their actions would affect commerce. It is only

4   necessary that the natural consequences of the acts committed by

5   the defendants as charged in the indictment would affect commerce

6   in any way or degree.

7       The term "commerce" means commerce between any point in a

8   state or Commonwealth of the United States and any point outside

9   the state or Commonwealth.

10      "Extortion" means the obtaining of property from another with

11  his consent, induced by wrongful use of actual or threatened force,

12  violence or fear, or under color of official right. The word

13  "wrongful" implies and requires that the government prove that the

14  defendant did not have a claim of right to the property or money

15  received, and that the defendant knew that he was not legally

16  entitled to the property or money obtained.

17      Here, the government has charged both that the defendants

18  committed extortion through fear of economic loss or under color of

19  official right. You must find beyond a reasonable doubt that the

20  defendant committed only one kind of extortion. Thus, an individual

21  commits extortion if he obtains property from another, with the

22  other's consent, either through fear of economic loss or under

23  color of official right.

1    "Fear of economic loss" includes the possibility of lost

2    business opportunities. To establish extortion through fear of

3    economic loss, the government must show that the victim believed

4    that economic loss would result from his or her failure to comply

5    with the alleged extortionist's terms, and that the circumstances

6    rendered that fear reasonable. Moreover, the mere fact that the

7    victim approached the extorter first does not mean that extortion

8    did not occur.

9        Also, there is no requirement that the extorter explicitly

10   threatened the victim.

11       Alternatively, to prove extortion under color of official

12   right, the government need only show that a public official (José

13   Granados-Navedo) has obtained a payment to which he was not

14   entitled, knowing that the payment was made in return for official

15   acts. It is irrelevant whether the official had actual authority

16   over the end result. It is enough that the payments were made by

17   persons who reasonably believed that the official, José Granados-

18   Navedo, had the power to facilitate the sought-after result.

19   Moreover, the public official need not have solicited the money or

20   property first.

21               **Money Laundering, in Violation of 18 U.S.C.**
22                   **§§ 1956(a)(1)(A)(1) & (B)(I)**

23       Defendants Vázquez-Botet and Morell-Corrada are charged with

24   conspiring to commit three objects, or crimes, in Count One of the

Criminal No. 04-160 (JAF)                                           -25-

1    indictment. One of those objects is to launder money in violation
2    of § 1956 of the United States Code, Title 18.

3         For you to find defendants Vázquez-Botet and/or Morell-Corrada
4    guilty of conspiracy to launder money, you must be convinced that
5    the government has proven each of the following things beyond a
6    reasonable doubt:

7         (1) that the defendants conspired or agreed with others to
8    enter into a financial transaction or transactions, on or about the
9    dates alleged, with a financial institution engaged in interstate
10   commerce;

11        (2) that the transaction involved the use of proceeds of
12   unlawful activities, specifically, proceeds of a scheme whereby the
13   defendants and others obtained money from the local contractors;

14        (3) that the defendants conspired or agreed knowing that these
15   were the proceeds of some kind of crime that amounts to a state or
16   federal felony; and

17        (4) that the defendants conspired or agreed with others to
18   enter into a transaction or transactions with the intent to promote
19   the carrying on of a specified unlawful activity or that the
20   defendants knew that the transaction or transactions were designed
21   in whole or in part to conceal or disguise the true nature,
22   location, source, ownership, or control of the proceeds of unlawful
23   activity.

1    A withdrawal, deposit, or transfer of funds from a bank is a

2    financial transaction.

3    "Proceeds" means any property or any interest in property that

4    someone acquires or retains as a result of the commission of

5    unlawful activity.

6    "Promote" means to further, to help carry out, or to make

7    easier.

8    "To conceal" means to hide, secrete or withhold from the

9    knowledge of others.

10   Knowledge may not ordinarily be proven directly because there

11   is no way of directly scrutinizing the workings of the human mind.

12   In determining what a defendant knew or intended at a particular

13   time, you may consider against that defendant any statements made

14   by him or acts done or not done by him and all other facts and

15   circumstances received in evidence that may aid in your

16   determination of the defendant's knowledge or intent. You may

17   infer, but you are certainly not required to infer, that a person

18   intends the natural and probable consequences of acts done or

19   knowingly not done. It is entirely up to you, however, to decide

20   what facts are proven by the evidence received during this trial.

21   ## **Travel Act, in Violation of 18 U.S.C. § 1952**

22   Defendants Vázquez-Botet and Morell-Corrada are charged with

23   conspiring to commit three objects, or crimes, in Count One of the

24   indictment. One of those objects is to cause persons to travel in

1   interstate and foreign commerce to promote bribery, in violation of

2   Puerto Rico law and § 1952 of the United States Code, Title 18.

3        Let me explain in general terms what bribery is.   The

4   following Travel Act instructions make reference to that type of

5   offense.

6        "Bribery" ("soborno") is the offering, giving, receiving or

7   soliciting of something of value for the purpose of influencing the

8   action of an official in the discharge of his or her public or

9   legal duties.  It is also the corrupt tendering or receiving of a

10  price for official action.  It is also defined as the receiving or

11  offering any undue reward by or to any person concerned with public

12  office to influence his or her behavior in office. It includes any

13  direct or indirect action to give, promise or offer anything of

14  value to a public official or to a witness, or an official's or

15  witness' solicitation of something of value.

16       For you to find defendants Vázquez-Botet and/or Morell-Corrada

17  guilty of conspiracy to cause persons to travel in interstate and

18  foreign commerce to promote bribery, you must be convinced that the

19  government has proven each of the following things beyond a

20  reasonable doubt:

21       (1) that the defendants conspired or agreed to travel or cause

22  someone else to travel in foreign commerce or use an interstate

23  facility;

1    (2) that the defendants conspired or agreed to do so with the

2    intent to promote, manage, establish, carry on, or facilitate an

3    unlawful activity, here, a violation of Puerto Rico law regarding

4    criminal bribery and the criminal use of undue influence under

5    Puerto Rico's Penal Code of 1974, as amended, 33 L.P.R.A. §§ 4360-

6    4364.

7    (3) that the defendants conspired or agreed to perform or

8    attempted to perform acts in furtherance of the unlawful activity.

9    Regarding bribery in violation of Puerto Rico criminal laws,

10   the government must prove beyond a reasonable doubt that the

11   defendants joined in an agreement in which:

12   *One*: An alleged member of the charged conspiracy, José

13   Granados-Navedo, demanded, sought or received something of value as

14   described in the Indictment;

15   *Two*: José Granados-Navedo was, at that time, a public official

16   of the Government of Puerto Rico, or was acting on behalf of the

17   Government of Puerto Rico through its Legislative Branch, and

18   *Three*: José Granados-Navedo agreed to demand, seek or receive

19   an item of value corruptly in return for being influenced in the

20   performance of an official act.

21   Regarding the use of undue influence, the government must

22   prove beyond a reasonable doubt an agreement that:

23   *One*: The defendants, René Vázquez-Botet and/or Marcos Morell-

24   Corrada, obtained or attempted to obtain any benefit from the

1   Superaqueduct subcontractors by claiming or pretending that they

2   were or either of them was in a position to influence the conduct

3   of a public officer or employee in the exercise of his duties.

4                   **Counts Two through Five**

5       **Interference with Commerce by Extortion Induced Under**
6           **Color of Official Right and by Economic Fear,**
7             **in Violation of 18 U.S.C. §§ 1951 and 2**

8       Counts Two through Five charge Defendants,

9               **[1] RENE VAZQUEZ-BOTET and**

10              **[2] MARCOS MORELL-CORRADA,**

11  with violating §§ 1951 and 2 of the United States Code, Title 18.

12       Section 1951 of the United States Code makes it illegal to

13  obstruct, delay, or affect commerce by committing extortion. The

14  defendants are charged with committing extortion of four different

15  contractors in two ways:

16       (1) obtaining property from another, with his consent, induced

17  by fear of economic harm, and

18       (2) obtaining property from another, with his consent, by a

19  public official, knowing that the payment was made in return for

20  official acts.

21       As I will explain further, section 2 makes it an offense to

22  aid and a abet the commission of the crime of extortion.

23       You must consider the evidence against each defendant and for

24  each count separately. To convict a defendant of any of these four

1   counts, you must find that each defendant committed each crime of

2   extortion. You need only find that the defendant committed

3   extortion in one of the ways charged, but you must reach unanimous

4   agreement as to the way in which the extortion was committed.

5        For you to find defendants René Vázquez-Botet and Marcos

6   Morell-Corrada guilty of this crime, you must be convinced that the

7   government has proven each of the following things beyond a

8   reasonable doubt:

9        *First*, that defendants  René Vázquez-Botet and Marcos Morell-

10  Corrada knowingly and willfully obtained money or property from the

11  four contractors, Feliciano, Carrero, Longo, and Carmona;

12       *Second*, that defendants  René Vázquez-Botet and Marcos Morell-

13  Corrada did so by means of extortion;

14       *Third*, That defendants  René Vázquez-Botet and Marcos Morell-

15  Corrada knew that the extorted contractors or their employees

16  parted with the property because of the extortion; and

17       *Fourth*, that the extortion affected commerce.

18       It is not necessary for you to find that defendants René

19  Vázquez-Botet and Marcos Morell-Corrada knew or intended that their

20  actions would affect commerce.  It is only necessary that the

21  natural consequences of the acts committed by defendants Vázquez-

22  Botet and Morell-Corrada as charged in the indictment would affect

23  commerce in any way or degree.  The term "commerce" means commerce

1  between any point in a state and any point outside the state,

2  including Puerto Rico.

3       "Extortion" means the obtaining of property from another with

4  his consent, induced by wrongful use of actual or threatened force,

5  violence or fear, or under color of official right. The word

6  "wrongful" implies and requires that the government prove that the

7  defendant did not have a claim of right to the property or money

8  received, and that the defendant knew that he was not legally

9  entitled to the property or money obtained.

10      Here, the government has charged both that the defendants

11  committed extortion through fear of economic loss or under color of

12  official right. You must find beyond a reasonable doubt that the

13  defendant committed only one kind of extortion. Thus, an individual

14  commits extortion if he obtains property from another, with the

15  other's consent, either through fear of economic loss or under

16  color of official right.

17      "Fear of economic loss" includes the possibility of lost

18  business opportunities. To establish extortion through fear of

19  economic loss, the government must show that the victim believed

20  that economic loss would result from his or her failure to comply

21  with the alleged extortionist's terms, and that the circumstances

22  rendered that fear reasonable. Moreover, the mere fact that the

23  victim approached the extorter first does not mean that extortion

24  did not occur.

1       Also, there is no requirement that the extorter explicitly
2   threatened the victim.

3       Alternatively, to prove extortion under color of official
4   right, the government need only show that a public official (José
5   Granados-Navedo) has obtained a payment to which he was not
6   entitled, knowing that the payment was made in return for official
7   acts. It is irrelevant whether the official had actual authority
8   over the end result. It is enough that the payments were made by
9   persons who reasonably believed that the official, José Granados-
10  Navedo, had the power to facilitate the sought-after result.
11  Moreover, the public official need not have solicited the money or
12  property first.

13       **Aiding and Abetting the Commission of Offenses**
14       **(18 U.S.C. § 2 charged in Counts Two through Thirteen)**

15       To "aid and abet" means intentionally to help someone else
16  commit a crime. To establish aiding and abetting, the government
17  must prove beyond a reasonable doubt that,

18       (1) someone else committed the charged crime, and

19       (2) the defendant willfully associated himself in some way
20  with the crime and willfully participated in it as he would in
21  something he wished to bring about.

22       This means that the government must prove that the defendant
23  consciously shared the other person's knowledge of the underlying
24  criminal act and intended to help him. The defendant need not

Criminal No. 04-160 (JAF)                                          -33-

1   perform the underlying criminal act, be present when it is
2   performed, or be aware of the details of its execution to be guilty
3   of aiding and abetting. But a general suspicion that an unlawful
4   act may occur or that something criminal is happening is not
5   enough. Mere presence at the scene of a crime and knowledge that a
6   crime is being committed are not sufficient to establish aiding and
7   abetting.

8       An act is done "willfully" if done voluntarily and
9   intentionally with the intent that something the law forbids be
10  done, that is to say, with bad purpose, either to disobey or
11  disregard the law.

12                          **Pinkerton Charge**

13      There is another method by which you may evaluate whether to
14  find the defendants guilty of the substantive extortion charges in
15  the indictment.

16      If, in light of my instructions, you find beyond a reasonable
17  doubt that the defendants are guilty on the conspiracy count, Count
18  One, then you may also, but you are not required to, find each
19  defendant guilty of the substantive crimes charged in Counts Two
20  through Five, provided you find beyond a reasonable doubt each of
21  the following elements:

22      *First*, that someone committed the substantive crime charged in
23  Counts Two through Five;

1    *Second*, that the person you find actually committed the

2    substantive crimes was a member of the conspiracy of which you

3    found the defendant was a member;

4    *Third*, that this co-conspirator committed the substantive

5    crime in furtherance of the conspiracy;

6    *Fourth*, that the defendant was a member of this conspiracy at

7    the time the substantive crime was committed and had not withdrawn

8    from it; and

9    *Fifth*, that the defendant could reasonably have foreseen that

10   one or more of his co-conspirators might commit the substantive

11   crime.

12   If you find all five of these elements to exist beyond a

13   reasonable doubt, then you may find the defendants guilty of the

14   substantive crime charged, even though they did not personally

15   participate in the acts constituting the crime or did not have

16   actual knowledge of them.

17   If, however, you are not satisfied as to the existence of any

18   one of these five elements, then you may not find the defendants

19   guilty of the particular substantive crime unless the government

20   proves beyond a reasonable doubt that the defendants personally

21   committed that substantive crime, or aided and abetted its

22   commission.

23   <u>**Counts Six through Eight**</u>

24   **<u>Fraud Scheme to Deprive the Commonwealth of Puerto Rico of</u>**

1  **Income Tax Payments, in Violation of 18 U.S.C. §§ 1341,**
2  **1343, and 2 (Defendant Vázquez-Botet)**

3  Counts Six through Eight charge Defendant,

4  **[1] RENE VAZQUEZ-BOTET,**

5  with engaging in a fraud scheme to deprive the Commonwealth of

6  Puerto Rico of income tax payments.

7  For you to find defendant Vázquez-Botet guilty of this scheme,

8  you must be convinced that the government has proven each of the

9  following things beyond a reasonable doubt:

10  *First*, a scheme, substantially as charged in the indictment,

11  to defraud the Commonwealth of Puerto Rico and to deprive the

12  Commonwealth of property in the form of income tax payments and to

13  obtain these tax payments instead for himself;

14  *Second*, defendant Vázquez-Botet's knowing and willful

15  participation in this scheme with the intent to defraud or to

16  obtain money or property by means of false or fraudulent

17  representations, pretenses or promises; and

18  *Third*, the use of the United States mails or the use of

19  interstate or foreign wire communications, on or about the dates

20  charged, in furtherance of this scheme.

21  A scheme includes any plan, pattern, or course of action. The

22  term "defraud" means to deprive another of something of value by

23  means of deception or cheating. A scheme to defraud is ordinarily

24  accompanied by a desire or purpose to bring about some gain or

1    benefit to oneself or some other person or by a desire or purpose

2    to cause some loss to some person.

3         The term "false or fraudulent pretenses" means any false

4    statements or assertions that concern a material aspect of the

5    matter in question, that were either known to be untrue when made

6    or made with reckless indifference to their truth and that were

7    made with the intent to defraud. They include actual, direct false

8    statements as well as half-truths and the knowing concealment of

9    facts.

10        A material fact or matter is one that has a natural tendency

11   to influence or be capable of influencing the decision maker to

12   whom it was addressed.

13        Defendant Vázquez-Botet acted knowingly if he was conscious

14   and aware of his actions, realized what he was doing or what was

15   happening around him, and did not act because of ignorance, mistake

16   or accident.

17        An act or failure to act is willful if done voluntarily and

18   intentionally and with the specific intent to do something the law

19   forbids, or with specific intent to fail to do something the law

20   requires to be done; that is to say, with bad purpose either to

21   disobey or to disregard the law.

22        Thus, if defendant Vázquez-Botet acted in good faith, he

23   cannot be guilty of the crime. The burden to prove intent, as with

24   all other elements of the crime, rests with the government.

1      To act with an intent to defraud means to act willfully and

2   with the specific intent to deceive or cheat for the purpose of

3   either causing some financial loss to another or bringing about

4   some financial gain to oneself.

5      Intent or knowledge may not ordinarily be proven directly

6   because there is no way of directly scrutinizing the workings of

7   the human mind. In determining what defendant Vázquez-Botet knew or

8   intended at a particular time, you may consider any statements made

9   or acts done or not done by him and all other facts and

10  circumstances received in evidence that may aid in your

11  determination of his knowledge or intent. You may infer, but you

12  certainly are not required to infer, that a person intends the

13  natural and probable consequences of acts knowingly done or

14  knowingly not done. It is entirely up to you, however, to decide

15  what facts are proven by the evidence received during this trial.

16     It is not necessary that the government prove all of the

17  details alleged in the indictment concerning the precise nature and

18  purpose of the scheme or that the material transmitted by mail or

19  wire communication was itself false or fraudulent or that the

20  alleged scheme actually succeeded in defrauding anyone or that the

21  use of the mail or wire communications was intended as the specific

22  or exclusive means of accomplishing the alleged fraud.

23     What must be proven beyond a reasonable doubt is that

24  defendant Vázquez-Botet knowingly devised or intended to devise a

1    scheme to defraud that was substantially the same as the one

2    alleged in the indictment, and that the use of the mail or the use

3    of wire communications on or about the date alleged was closely

4    related to the scheme because defendant Vázquez-Botet either

5    received something in the mail or caused it to be mailed or made or

6    caused an interstate or foreign wire transfer to be made in an

7    attempt to execute or carry out the scheme.

8        To "cause" the mail to be used or a wire communication to be

9    made is to do an act with knowledge that the use of the mail or the

10   wires will follow in the ordinary course of business or where such

11   use can reasonably be foreseen.

12                    **Counts Nine through Thirteen**

13        **Fraud Scheme to Deprive the Commonwealth of Puerto Rico of**
14        **Income Tax Payments in Violation of 18 U.S.C. §§ 1341,**
15                 **1343, and 2 (Defendant Morell-Corrada)**

16        Counts Nine through Thirteen charge Defendant,

17                      **[2] MARCOS MORELL-CORRADA,**

18   with engaging in a fraud scheme to deprive the Commonwealth of

19   Puerto Rico of income tax payments.

20        For you to find defendant Morell-Corrada guilty of this

21   scheme, you must be convinced that the government has proven each

22   of the following things beyond a reasonable doubt:

23        *First*, a scheme, substantially as charged in the indictment,

24   to deprive the Commonwealth of Puerto Rico of income tax payments

1   and to deprive the Commonwealth of property in the form of income

2   tax payments and to obtain these tax payments instead for himself;

3       *Second*, the defendant Morell-Corrada's knowing and willful

4   participation in this scheme with the intent to defraud or to

5   obtain money or property by means of false or fraudulent

6   representations, pretenses or promises; and

7       *Third*, the use of the United States mails or the use of

8   interstate or foreign wire communications, on or about the dates

9   charged, in furtherance of this scheme.

10      A scheme includes any plan, pattern, or course of action. The

11  term "defraud" means to deprive another of something of value by

12  means of deception or cheating. A scheme to defraud is ordinarily

13  accompanied by a desire or purpose to bring about some gain or

14  benefit to oneself or some other person or by a desire or purpose

15  to cause some loss to some person. It includes a scheme to deprive

16  another of the intangible right of honest services.

17      The term "false or fraudulent pretenses" means any false

18  statements or assertions that concern a material aspect of the

19  matter in question, that were either known to be untrue when made

20  or made with reckless indifference to their truth and that were

21  made with the intent to defraud. They include actual, direct false

22  statements, as well as half-truths and the knowing concealment of

23  facts.

1    A material fact or matter is one that has a natural tendency

2    to influence or be capable of influencing the decision maker to

3    whom it was addressed.

4    Defendant Morell-Corrada acted knowingly if he was conscious

5    and aware of his actions, realized what he was doing or what was

6    happening around him, and did not act because of ignorance, mistake

7    or accident.

8    An act or failure to act is willful if done voluntarily and

9    intentionally, and with the specific intent to do something the law

10   forbids, or with specific intent to fail to do something the law

11   requires to be done; that is to say, with bad purpose either to

12   disobey or to disregard the law.

13   Thus, if defendant Morell-Corrada acted in good faith, he

14   cannot be guilty of the crime. The burden to prove intent, as with

15   all other elements of the crime, rests with the government.

16   To act with an intent to defraud means to act willfully and

17   with the specific intent to deceive or cheat for the purpose of

18   either causing some financial loss to another or bringing about

19   some financial gain to oneself.

20   Intent or knowledge may not ordinarily be proven directly

21   because there is no way of directly scrutinizing the workings of

22   the human mind. In determining what defendant Morell-Corrada knew

23   or intended at a particular time, you may consider any statements

24   made or acts done or not done by him and all other facts and

1    circumstances   received   in   evidence   that   may   aid   in   your

2    determination of his knowledge or intent. You may infer, but you

3    certainly are not required to infer, that a person intends the

4    natural   and   probable   consequences   of   acts   knowingly   done   or

5    knowingly omitted. It is entirely up to you, however, to decide

6    what facts are proven by the evidence received during this trial.

7         It  is  not  necessary  that  the  government  prove  all  of  the

8    details alleged in the indictment concerning the precise nature and

9    purpose of the scheme or that the material transmitted by mail or

10   wire  communication  was  itself  false  or  fraudulent  or  that  the

11   alleged scheme actually succeeded in defrauding anyone or that the

12   use of the mail or wire communication was intended as the specific

13   or exclusive means of accomplishing the alleged fraud.

14        What   must   be   proven   beyond   a   reasonable   doubt   is   that

15   defendant Morell-Corrada knowingly devised or intended to devise a

16   scheme  to  defraud  that  was  substantially  the  same  as  the  one

17   alleged in the indictment, and that the use of the mail or the use

18   of wire communications on or about the date alleged was closely

19   related  to  the  scheme  because  defendant  Morell-Corrada  either

20   received something in the mail or caused it to be mailed or made or

21   caused  an  interstate  or  foreign  wire  transfer  to  be  made  in  an

22   attempt to execute or carry out the scheme.

23        To "cause" the mail to be used or a wire communication to be

24   made is to do an act with knowledge that the use of the mail or the

Criminal No. 04-160 (JAF)                                      -42-

1    wires will follow in the ordinary course of business or where such

2    use can reasonably be foreseen.

3                           **Count Fourteen**

4              **Obstruction of Justice, 18 U.S.C. § 1503(a)**
5                      **(Defendant Morell-Corrada)**

6          Count Fourteen charges Defendant,

7                      **[2] MARCOS MORELL-CORRADA,**

8    with obstructing a federal grand jury investigation.

9          For you to find defendant Morell-Corrada guilty of this crime,

10   you must be convinced that the government has proven each of the

11   following things beyond a reasonable doubt:

12         *First*, there was a proceeding pending before a grand jury of

13   this court;

14         *Second*, the defendant knew of the proceeding; and

15         *Third*, the defendant knowingly and corruptly endeavored to

16   influence, obstruct or impede the due administration of justice in

17   that grand jury proceeding.

18         To "endeavor" means to strive or to attempt to accomplish a

19   goal or a result; and to endeavor to "influence, obstruct or

20   impede" the due administration of justice means to take some action

21   for the purpose of swaying or changing, or preventing or thwarting

22   in some way any of the actions likely to be taken in the grand jury

23   proceeding involved.

1    To "act corruptly" means to act knowingly and dishonestly with

2    the specific intent to influence, obstruct, or impede the due

3    administration of justice.

4    While it must be proved that defendant Morell-Corrada

5    corruptly endeavored to influence, obstruct, or impede the due

6    administration of justice as charged, and that the natural and

7    probable effect of the defendant's actions would be to influence,

8    obstruct, or impede the due administration of justice, it is not

9    necessary for the government to prove that the grand jury

10   proceeding was in fact influenced or obstructed or impeded in any

11   way.

12                          **Willful Blindness**

13   In deciding whether a defendant acted knowingly, you may infer

14   that defendant had knowledge of a fact if you find that he

15   deliberately closed his eyes to a fact that otherwise would have

16   been obvious to him.  In order to infer knowledge, you must find

17   that two things have been established.  First, that defendant was

18   aware of a high probability of the fact in question.  Second, that

19   defendant consciously and deliberately avoided learning of that

20   fact.  That is to say, defendant willfully made himself blind to

21   that fact.  It is entirely up to you to determine whether he

22   deliberately closed his eyes to the fact and, if so, what

23   inference, if any, should be drawn.  However, it is important to

24   bear in mind that mere negligence or mistake in failing to learn

1  the fact is not sufficient.  There must be a deliberate effort to

2  remain ignorant of the fact.

3                    **Consideration of Punishment**

4       The punishment provided by law for the commission of the

5  crimes mentioned in the Indictment is for the court to decide.  You

6  may not consider punishment in deciding whether the government has

7  proved its case against a defendant beyond a reasonable doubt.

8                       **Duty to Deliberate**

9       When you retire, you should elect one member of the jury as

10 your foreperson.  That person will preside over the deliberations

11 and speak for you here in court.

12      You will then discuss the case with your fellow jurors to

13 reach agreement if you can do so.  Your verdict, whether guilty or

14 not guilty, must be unanimous.

15      Each of you must decide the case for yourself, but you should

16 do so only after you have considered all the evidence, discussed it

17 fully with the other jurors, and listened to the views of your

18 fellow jurors.

19      Do not be afraid to change your opinion if the discussion

20 persuades you that you should.  But do not come to a decision

21 simply because other jurors think it is right.

22      It is important that you attempt to reach a unanimous verdict

23 but, of course, only if each of you can do so after having made

24 your own conscientious decision.  Do not change an honest belief

1   about the weight and effect of the evidence simply to reach a

2   verdict.

## **Consideration of Evidence**

4        Your verdict must be based solely on the evidence and on the

5   law as I have given it to you in these instructions.  However,

6   nothing that I have said or done is intended to suggest what your

7   verdict should be -- that is entirely for you to decide.

## **Return of Verdict**

9        After you have reached unanimous agreement on a verdict, your

10  foreperson will fill in the form that has been given to you, sign

11  and date it, and advise the marshal outside your door that you are

12  ready to return to the courtroom.

## **Communication With Court**

14       If  it  becomes  necessary  during  your  deliberations  to

15  communicate with me, you may send a note through the jury officer,

16  signed by your foreperson or by one or more members of the jury.

17  No member of the jury should ever attempt to communicate with me on

18  anything concerning the case except by a signed writing, and I will

19  communicate with any member of the jury on anything concerning the

20  case only in writing, or orally here in open court.  If you send

21  out a question, I will consult with the parties as promptly as

22  possible before answering it, which may take some time. You may

23  continue with your deliberations while waiting for the answer to

24  any question. Remember that you are not to tell anyone -- including

Criminal No. 04-160 (JAF)                                    -46-

1   me -- how the jury stands, numerically or otherwise, until after

2   you have reached a unanimous verdict or have been discharged.

3         San Juan, Puerto Rico, this 1st day of November, 2006.

4                              S/José Antonio Fusté
5                              JOSE ANTONIO FUSTE
6                         Chief U. S. District Judge