1          UNITED STATES DISTRICT COURT
2              DISTRICT OF PUERTO RICO

3  UNITED STATES OF AMERICA,
4
5       Plaintiff,
                                    Criminal No. 04-160 (JAF)
6       v.

7  RENE VAZQUEZ-BOTET,
8  MARCOS MORELL-CORRADA,

9       Defendants.

10           **POST-CONVICTION ORDER REGARDING**
11      **UNOPPOSED TERMS OF RELEASE PENDING SENTENCE**

12        There is no constitutional right to bail once a person has been

13  convicted.  United States v. Baca, 444 F.2d 1292, 1296 (10th Cir.

14  1971), *cert. denied*, 404 U.S. 979 (1971).  The 1984 amendments to the

15  Bail Reform Act changed what had previously been a presumption *for*

16  post-conviction bail pending sentencing to a presumption *against*

17  post-conviction release pending sentencing.  18 U.S.C. § 1343(a)(2).

18  The statute reads as follows in its pertinent part:

19              The judicial officer shall order that a person
20              who has been found guilty of an offense . . .
21              and is awaiting imposition . . . of sentence be
22              detained unless . . . the judicial officer finds
23              by clear and convincing evidence that the person
24              is not likely to flee or pose a danger to the
25              safety of any other person or the community if
26              released.

27        In  other  words,  the  federal  law  we  applied  today  clearly

28  presumes that a convicted defendant will be jailed while he awaits

29  his sentencing.

Criminal No. 04-160 (JAF)                                              -2-

1       The Senate Judiciary Committee's report on the 1984 amendments

2    to the Bail Reform Act said that,

> 3          [o]nce guilt of a crime has been established in
> 4          a court of law there is no reason to favor
> 5          release pending imposition of sentence . . . The
> 6          conviction, in which the defendants' guilt of a
> 7          crime has been established beyond a reasonable
> 8          doubt, is presumably correct in law.

9       A second policy behind what is now the presumption in favor of

10    post-conviction detention pending sentencing, according to the

11    Committee Report, is that "release of a criminal defendant into the

12    community after conviction may undermine the deterrent effect of the

13    criminal law."  We firmly believe in and endorse this reasoning in

14    this type of corruption case.

15      The court's view is that denying bail pending sentence in the

16    present case reinforces the deterrent effect of the criminal laws

17    particularly well.  The facts of this case are unfortunate. The

18    public and private sectors in Puerto Rico are infected by corruption,

19    to the point that the community wonders whether we have reached the

20    point of no return.  Precisely because of that, this case has been

21    subjected to public scrutiny.  It appears that the conduct which the

22    jury has found was deliberate and egregious.   It included the

23    exploitation of positions of public trust within Puerto Rico's

24    government and political party structures for personal and political

25    gain.

Criminal No. 04-160 (JAF)                                            -3-

1        Defendants, with their actions motivated by greed, betrayed not

2   only their families and the community, but also a large constituency

3   of law-abiding persons that belong to the political party the

4   defendants worked for.  These actions erode public confidence in the

5   very basic roots of the democratic system of government and betray

6   the democratic ideals of the political party in question.

7        Defendants conspired to extort, and indeed extorted monies from

8   government contractors, forcing them to pay bribes in order to secure

9   government contracts.  Defendants participated in disguising and

10  laundering the extortion monies.  They deprived the Commonwealth of

11  Puerto Rico of legitimately-due income tax payments.  Now that the

12  defendants have been convicted of harming the community with these

13  criminal acts, the public's eye is closely trained on this court to

14  see what are the consequences for this kind of conduct.  It is the

15  court's duty to establish that we take these crimes seriously and

16  that the consequences for this conduct bring about incarceration as

17  a powerful and needed deterrent in this community.

18       Although we would have normally ordered bail revoked in this

19  type of case, the government expressed no objection and consented to

20  the consideration of bail pending sentence.  The government appears

21  to believe that the defendants do not pose a flight risk if the bail

22  is adjusted to account for the conviction.

23       In view of these circumstances, we have ordered the home

24  incarceration of the defendants pending sentence, with electronic

Criminal No. 04-160 (JAF)                                    -4-

1    monitoring.   The government and defense counsel are granted until

2    **Wednesday, November 8, 2006,** to announce any bail stipulation

3    reached.  In the absence of a stipulation or if the stipulation does

4    not merit court approval, then we will state the amount of bail

5    pending sentence.  The Probation/Pretrial Department will implement

6    the terms of this Order forthwith.

7          **IT IS SO ORDERED.**

8          San Juan, Puerto Rico, this 3rd day of November, 2006.

9                                    S/José Antonio Fusté
10                                   JOSE ANTONIO FUSTE
11                                   Chief U. S. District Judge