UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

RENE VAZQUEZ-BOTET,

    Defendant.

Criminal No. 04-160 (JAF)

**O R D E R**

Defendant René Vázquez-Botet requests the unsealing of the following documents:

<u>Docket Document No. 319</u>: "Motion to Seal" filed by a potential witness on October 10, 2006;

<u>Docket Document No. 320</u>: "Motion to Quash" criminal trial subpoena filed by a potential witness on October 10, 2006;

<u>Docket Document No. 328</u>: "Sealed Order" setting an in-chambers conference in reference to <u>Docket Document No. 320</u>, entered October 13, 2006;

<u>Docket Document No. 329</u>: "Sealed Order" in reference to redactions to the grand-jury testimony of codefendant Marcos Morell-Corrada;

<u>Docket Document No. 332</u>: Codefendant René Vázquez-Botet's "Sealed Response" to motions to quash two criminal trial subpoenas, filed on October 16, 2006;

Criminal No. 04-160 (JAF)                                        -2-

1      Docket Document No. 341: "Supplemental Memorandum of Law in
2   Support of Motion to Quash" by one of two non-party witnesses, filed
3   on October 19, 2006;
4      Docket Document No. 345: "Sealed Order" granting motions to
5   quash criminal trial subpoenas by the two non-party witnesses and a
6   corporation, entered by the court on October 19, 2006;
7      Docket Document No. 346: "Court's Exhibit 2" to sealed "Offer of
8   Proof Hearing" on the issue of the request to quash subpoenas, held
9   on October 16, 2006, and which resulted in the entry of the order at
10  Docket Document No. 345;
11     Docket Document No. 348: "Sealed Transcript" of the hearing to
12  determine relevancy held on October 16, 2006;
13     Docket Document No. 356: "Sealed Order" denying Fed. R. Crim.
14  P. 29 motions by both defendants, filed October 24, 2006;
15     Docket Document No. 357: "Sealed Order" resolving dispute over
16  the production of FBI investigative records in reference to alleged
17  money-laundering activities by a government trial witness, entered
18  October 24, 2006;
19     Docket Document No. 374: "Sealed Order" denying relief related
20  to relevancy in reference to Crim. No. 97-091 (JAF), United States v.
21  Kourí-Pérez, filed on October 27, 2006; and
22     Docket Document No. 397: "Sealed Order" denying codefendant
23  Vázquez-Botet's request to recall a prosecution witness, filed
24  October 30, 2006.

Criminal No. 04-160 (JAF)                                    -3-

Having examined the sealed documents, we now unseal <u>Docket Document Nos. 329, 356, and 374</u>. Originally, these documents were sealed to prevent unnecessary prejudicial publicity to defendants' case. At this stage – post-conviction of both defendants and prior to sentencing, there is no impediment to the unsealing of these three documents.

Regarding the other docket entries, the court **DENIES** the request to unseal. Movant continues with his efforts to confuse the trial issues by wrongfully involving third parties in these proceedings, where the only illegal conduct was that for which defendant was charged and convicted. This record will reflect that the court patiently dealt with the barrage of unsupported allegations against third parties. Movant was given ample opportunity to establish relevancy to the issues at bar and failed in every respect.

This court has an obligation not to allow unsupported smearing and stigmatization of one trial witness and two potential witnesses and a related corporation whose motions to quash subpoenas were granted. There is no reason, factual or legal, supporting any claim that these issues are relevant to sentencing or to a potential disposition of any motion for bail pending appeal. Rightfully so, movant has the right to challenge through the appeal process each and every relevant ruling by this court throughout the trial. To achieve this goal, there is no need to unseal the documents in question. The content of all the documents is known to movant and his counsel.

Criminal No. 04-160 (JAF)                                                -4-

They participated in the events and were notified with copies as is customarily done. The Court of Appeals can entertain any challenge based on the documents. These are sealed only for public consumption, not for review by the Court of Appeals.

The court's documents that remain sealed will not be used with my consent to confuse issues. In quashing Defendant Vázquez-Botet's subpoenas and sealing relevant portions of the record, we correctly kept out irrelevant and inadmissible material, thus protecting a government trial witness and two defense-subpoenaed witnesses and a corporation from harassment and embarrassment.

This Order disposes of <u>Docket Document Nos. 431, 432, 435, 441, and 438</u>.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 18th day of January, 2006.

                                        S/José Antonio Fusté
                                         JOSE ANTONIO FUSTE
                                        U. S. District Judge